Good morning Your Honor, my name is Jeremiah Donovan You're going too quick, Mr. Donovan Sorry, Your Honor It's not for me, it's really Bianca, I was a little slow All right, so you've reserved two minutes for rebuttal, so that gives you eight minutes to start, and you may proceed May it please the Court You've assigned me in this case a bewilderingly lengthy procedural record and some kind of interesting issues And so what I want to do during my argument tomorrow, this morning, is first to deal with the issue you told me to brief And then deal with the issue that I think should set appellate juices flowing The argument that you told me to brief sounds kind of poetic Can the Court of Appeals consider the passage of time? Can it take judicial notice of the passage of time? To be flippant, I suppose if you're like me, every morning when you wake up and look in the mirror, you take judicial notice of the passage of time But that's not exactly the question presented I was surprised to see that Rule 1101 of the Federal Rules of Evidence make the Federal Rules of Evidence applicable to Courts of Appeals Perhaps during Brother Sutcliffe's argument, I'll get up and make hearsay objections and lack of adequate foundation And of course, as you know, Rule 201 provides for judicial notice of adjudicative facts It's undisputed that the sentencing was July 7th of 2014 That means ten years, six months, and three days have passed since the sentencing And the question is, do you have to look at the record? I say, is the record preserved in amber as of the date of the District Court's ruling? Or can you consider the fact that now the defendant, the appellant, Calvin Johnson, has served more than ten years? I don't think there's any dispute the Court can consider he served ten years But here there have been four motions that have sought sentencing reductions in quick succession And I guess the question is, does that matter? I mean, can a defendant just file these daily and courts have to consider them? I mean, there's no limit on the number of motions for compassionate release that you can file You can really annoy the District Judge by filing many of them But I say, if you read In terms of how much reasoning you need to provide, if the District Court issues a 23-page opinion several years ago And then receives another motion and another motion Can't he or she incorporate the prior rulings and the government submissions rather than do a full-length opinion every time? Right, but I think that's okay And I'll tell you why I think it's okay Is because if you look at his filings, each time he adds something new or adds something in additional And with respect to compassionate release That's not really true because in the 23-page opinion The District Court addressed this idea that if he didn't get these enhancements He would have had a lower guideline range And the District Court specifically said under the 3553A factors Well, even if you have a lower guideline range, you haven't served anywhere near the amount of time That would be the applicable guideline range Which is many, many more years So that still applies That hasn't changed at all He's now arguing again that the change in the law because of the guideline provision That he should benefit from that But the District Court has already said Even if I were to assume you should benefit from this argument about the change in the law I don't think under the 3553A factors that you should be That you're saying your motion should be granted Right, and that's a hurdle that I have to overcome But with respect to the specific question your Honor asked about And that Jess Sullivan asked about About successive motions and things changing I mean, one thing that changes is the amount of time that he served If this were like a I mean, it's such a long sentence And he's still way below the guideline range that would otherwise be applicable So that, in other words, I'm suggesting to you That the reasoning that the District Court gave for denying it Several years ago is the same He's still way below the guideline range, right? It is the same guideline range Which is so far below the sentence that was imposed I mean, I think the guideline range If you take off the No, I don't think there's any dispute about that I think the point Judge Bianco is making is that You know, the District Court effectively said You're nowhere near where you would be under the revised guidelines Even if you're right about that So, implicitly, come back then Or at least as you get closer And is that wrong? Is that error for the court to say that? Well, yeah, I think so Because I think that a prisoner has Not the right, but that it's good prison policy For a fellow to know how long he's actually going to serve I mean, obviously, when you're in prison You don't make that many decisions about your future life But whether it's going to be You know, you're going to be in for 40 years or 10 years Makes a big difference And so, if at this point the District Judge felt I do think that I should reduce the sentence Just to give him advance notice That this is how much longer you have to serve And I probably have missed Judge Bianco's point But each time he files the motion He has served more time Each time he files the motion He has done 15 more classes in court Some of the changes have been harmful to us But, I mean, is this academic In light of the 3553A analysis that the court has done? And I suppose with respect to the 3553A analysis You know, I'm kind of co-counsel with the defendant I mean, he wrote the main brief in this case But I think that, you know, he This is a really long sentence for what he did I mean, if we take a look at the requirements Of deterrence, of general deterrence Of specific deterrence I mean, I don't know I mean, you know, I do a lot of trials In the District of Connecticut But this kind of sentence for a guy who Obviously, he's a big The pre-sentence report indicates And he stipulated that he's a big-time drug dealer And he possessed a firearm with an obliterated But still, even with all There's no indication that he's been engaged in violence He claims he's not a member of a certain gang The PSR says he was a member of a certain gang And that gang was violent But this isn't a case in which He went out and shot anybody Or did somebody be shot or harmed anyone? And this seems to me When you consider the 3553A factors That favor the government That is the factors of general and specific deterrence Of creating respect I'll tell you about respect for the law This is something I put in my brief And it may be off point But it really bothers me a little bit When you take a look at the authority Of the District Court to sentence this fellow That authority in this case was so limited We always think of judges as having The ability to consider all of the factors And to go through the defendant's history And to go through the facts of the case And to make a personalized assessment Of what the sentence should be What happened in this case? First, fearing... I mean, I hear your point But the District Court didn't misapprehend Its authority to sentence below this, right? I'm sorry, say that again The District Court didn't misapprehend Its authority to reduce the sentence Below the 421 sentence imposed What I'm talking about Is the actual sentencing judge The first sentencing judge had to impose A mandatory life term Your Honor sent that back The second judge The second judge was presented with An agreed plea agreement Of 480 months Now, Johnson took the judge Right up to the day of trial, practically Before he agreed to it But that judge had very little discretion He could have said Oh, I'm not going to accept the 480 months I think that's not within the range But you remember from being a district judge You don't know when you're presented With an agreed agreement What's going on here? Is the government willing to go so low Because they've got problems with their witnesses Or because there's a suppression issue You don't know that when you're a district judge Is the defendant willing to take such a high sentence Because his wife has said If we go through trial, I think I'll die I mean, you don't know that You just look at it It is an agreed recommendation Now, some of those will be so far out of the ballpark I've never heard of a judge actually rejecting An agreed recommendation But theoretically, it's possible That a district judge would say No, I can't accept that But here, you don't have any sentencing judge Doing the kinds of things That I'm used to a sentencing judge doing That is, taking a look at a detailed pre-sentence report And going through it piece by piece And considering each of the 3553A factors in turn Rather, we've got a judge way down the line 10, 12, 15, 10 years after the sentencing Going back Now, I recognize, Judge, you are absolutely right That an analysis of the 3553A factors It's not the issue that I think is going to get The appellate juices flowing And I have a hard time with it But I think that the extraordinary reasons That the defendant, the appellate Has set forth in his own brief And in his filings in the court Indicate that the judge's analysis On 3553A factors are wrong The issue, I think, that is interesting From an appellate point of view Is this question of whether The sentencing commission exceeded its authority In promulgating the policy statement At 1B1.13.B6 And my brief isn't of much help to you at all On this question Because when I wrote it, there wasn't much law But now there is There's starting to be law My brother, Brother Sutcliffe Has sent you a letter In which he tells you about A Third Circuit Court, Rutherford Last month, and I'll send a letter to the clerk About this case In the District Court In the Eastern District of Michigan There's a decision And what's important in that Is there's a footnote in that In which the District Court goes through All of the cases throughout the nation That are pending on this issue And they go all over the place And I will send that to the court There are five District Court decisions That say, yup, the sentencing commission Had that authority There's one District Court decision that says It exceeded the authority There's Rutherford that my brother has cited There's a notation that the Sixth Circuit Has just heard oral argument In a case involving this issue And so this is an issue, I think That is of great interest If you decide not to decide it On the 3553A factors This goes back to the question That you were asked to break That you started with at the beginning Can we get into The analysis of 1B1.13 If at the time The court was considering the motion And issued its ruling Your client hadn't satisfied The tenure trigger To make that even relevant in the first place And I think you can And the reason I think Is because there are many, many situations In which you don't say We can only decide What the record was At the time the District Court made its decision For example, if Let's say that a District Court orders Orders a defendant to self-surrender And he doesn't self-surrender And now the government Says he's supposed to be at Allynwood He's not there The defense says He's supposed to be at Allynwood He's not there You'll dismiss the case Even though those are events that took place After the sentencing Or Suppose Suppose this appellate had died And I didn't tell you I just Argued in front of you As if he was still alive And then you say But isn't he dead And I'd say no, no He wasn't dead at the time The District Court issued its opinion And so You can't consider that he's dead I mean you'd Throw me up in my ear You know Or Or in this case You know There's mootness I mean you're giving examples Of sort of mootness Things that happen That render an issue moot I guess Is this a sort of An offensive use of mootness That the Deficiency in attaining The 10-year minimum Becomes moot once he Once 10 years have passed Well I'm not exactly sure how to answer Let me answer it with a rhetorical question Suppose this were a different kind of case Suppose the District Judge had said This guy's terrific He really should get out On compassionate release He's fulfilled every single requirement But the problem is He's a couple of days short Of serving 10 years So I deny the motion What would you do in that case? Would you affirm? I don't think you'd affirm I think you'd take notice Of the passage of time And you would say So you would get to say On appeal That the District Court Erred in saying that Because by the time The appeal was heard The deficiency had been overcome? No I don't think I'd say The District Court erred I would say that the changes We're in the erred business So it seems to me That if the District Court Didn't make a mistake Your remedy On the hypothetical You've just given us Is you file another motion And now you've met The prerequisites So now I'm coming down On the fifth one And you say No, no I don't No, I don't But I think that's just A terrific waste Of judicial resources I mean there's no dispute here In the hypothetical case That I'm giving you Because there's so many Other issues here Why would you affirm And send it back Why wouldn't you take Judicial notice That although the District Court Was right We don't want to be In the business Of encouraging people To bring appeals Based on facts That were not in front Of the District Court At the time Well The waste of judicial resources Could be You know Basically The fault of the person Who brought the appeal Oh I absolutely agree I mean For an appellate court It's good to have the record In amber That can't be changed But I've cited a couple Of civil cases In my brief In which In which you took a look At developments That had occurred Since the Since the Decision That had That would influence The way The court Disposed of the case And I think That here The same thing Should happen You should say Yeah The District Court Was right But we're not Going to ignore The fact That he now Has served Ten years And in the case That I posited That is where The District Judge Said I want to Give the guy Compassion At least But he hasn't He's five days short You would send You would send it back With instructions To grant Compassionate release Although I suppose If the flip side Is true Says well Even if he had met The ten day Ten year requirement I wouldn't grant it For this reason This reason And this reason Which is more akin To what we have here Then I suppose We could If we agreed With any of those reasons We would affirm On an alternative ground And just not address That question Yeah I mean There's so many Different grounds That I have to Prevail on Before he gets The release That The relief He wants That happens a lot With exhaustion With the BOP Where on a Compassionate release Motion The defendant Hasn't exhausted Files the petition With the District Court By the time The District Court Decides that The Bureau of Prisons Has issued a letter And then the District Court Rules anyway Doesn't make The guy file Another petition So there's no question That a District Court Or a Court of Appeals Could do those things As whether we should Or not All right Okay, thank you We got our money's worth What you reserved Two minutes for rebuttal Thank you We'll now Hear from Your friend On the other side Whether that's Mr. Sutcliffe Good morning May it please the Court Thomas Sutcliffe On behalf of The United States There are multiple Independent grounds On which this Court Can affirm The District Court's Denial of the Defendant's Motion for Compassionate Release First as was Discussed just Previously This motion Was premature Now the Defendant Notes that This Court Can take Judicial Notice of the Fact that Time has Passed But that's Really irrelevant Here The relevant Question is Whether or not Ten years Had elapsed At the time That the District Court Decided This motion And there's No dispute That it Had not So as a  There simply Is no error For this Court To correct Now as was Discussed All the Defendant's Examples of Cases where This Court Might look To subsequent Events They all do In fact involve Mootness That is The scenario Where this Court Of course Has an Independent Obligation To make Sure that It has Article 3 Jurisdiction That is Not the Type of  That we're Dealing with Here So the Prematurity Alone Is the Basis for Affirming This Decision In addition To that There Was no Reasoning For     The Government's Brief You do Cited several Cases In summary Orders Where we Have Noted That's  For a  Court To do And Affirm But Do we Know   Was Not      Not Adopt The Government's Reasoning In Whole And Issue A Text Order Would That Be Okay To Be Clear Is Proper Or Not Exceeds The Commission's Authority Whether It's Timely The Factors You Made A Lot Of Arguments Under The Factors We Should Assume The District Court Adopted All Of Them In Terms Of The Explanation It  Identifying The 3558 Factors That Is Short But I Would  There Are Decisions From This Court That Have To Be     The 3558 Analysis Right Let's Assume That As Mr. Donovan Pointed Out The Defendant Got 35 Years Right Yes Under The New Guideline He Would Have Gotten The Guideline Range I  That Was In Your Brief Your Honor I Think Without The Career Offender Enhancement I Have It As 262 To 23 Page     Adopted Of Why That Would Not Be A Grounds The Reason I Mentioned In The 23 Page Opinion The  Court Adopted The Reason I     To 23 Page Adopted  Why That   Be A             prior state felony drug convictions would no longer have qualified as valid predicates. But as the government pointed out, as a practical matter, there was no dispute here that the defendant's prior offense conduct in those two criminal convictions involved federally controlled substances. Isn't that very often true in categorical approach cases? Very true that the convictions don't call. It's often true that it's a conviction for New York cocaine distribution. But we still have law that says that the sentence that doesn't trigger the enhancement. I'm not sure I understand. Your Honor, I'm not disagreeing with the categorical approach. Absolutely, it would reduce the guidelines range. But as this course has also said, just because the guidelines range goes down by application of the categorical approach doesn't mean that the district court can't take actual offense conduct into account for purposes of the 3553A analysis. OK, so you're going back to the 3553A. Exactly, Your Honor, yes. I'm not quibbling with the guidelines recalculation. And the government's point was that the 3553A analysis here, the largely abstract of the largely theoretical current concerns that are in a lot of categorical approach really didn't have much bearing on how the court should weigh the 3553A factors. Because again, the prior. Well, it does weigh whether, I know the government calls it the technical issue. But the issue is when there's a change in the law, it's about disparity. That it's creating disparity between people who are now being sentenced for the same criminal conduct, who are benefiting, whether it's a technicality or not, are benefiting from the new guideline range, and he is not. So that disparity, it's not an abuse of discretion defiant that other things weigh against that. But that disparity is significant, whether it's a technicality or not, right? Well, it's a disparity in the guidelines range that doesn't necessarily mean it's as wide a disparity in the sentence. The court would have been free to impose an upward variance. I think this court has actually encouraged district courts in cases where the categorical approach precludes a prior conviction for qualifying as a predicate to still, at the next stage of the sentencing analysis, conduct a vigorous 3553A analysis to determine whether or not an above guideline sentence could be appropriate. And I'll note for it. You're making a lot of arguments of what reasons could have been given. But the reasons that we were relying on, at least from the prior district court's opinion, was that he hasn't come close to what would otherwise have been the new guideline range, right? Your Honor, well, I think actually the first district court decision, it was less about the guidelines range. It was more about the statutory minimum. Because I don't know, in that particular case, what that the court was relying on, the main issue was whether or not the First Step Act's amendments to the statutory recidivist enhancements would have qualified as an extraordinary penalty. No, he did say he would be below the mandatory minimum. And then he said, even if the First Step Act were applicable and petitioner did not receive the enhancement, he would still have been subject to mandatory minimum. Additionally, even in the best case scenario, if he didn't get the enhancement or the career offended designation, he would have a guideline range of 210 to 260 months. To release petitioner after serving only six years with that guideline range, he says, would create unwarranted disparity with others because he's still way below the otherwise applicable guideline range. And what I'm suggesting to use that particular reasoning is not, first of all, as Mr. Donovan pointed out, he's served a number of more years. He's closer to the 210. And more importantly, here he's just seeking a reduction in a sense. He's not seeking release. He just wants a lower sentence to whatever the guideline range would be under the new law. Yes, right. And I agree that that particular line of reasoning doesn't necessarily fully address this issue here. Nonetheless, the first decision does involve a very detailed analysis of several of the applicable 35, 52, and 35. Nor is the court convinced that a time-served sentence is sufficient to provide a just punishment or to deter. But we're not talking about a time-served sentence. We're talking about a sentence in the new guideline range. So that reasoning doesn't apply either. I don't disagree with that, Your Honor. But I think if you look at the district court's first decision, nonetheless, it involves a very extensive discussion of numerous factors that were equally applicable here, including the severity of the offense, the severity of the criminal history. And I think when you consider the additional arguments the government made with respect to the third motion, the motion that's at issue here, the 35, 53, there's valid grounds to conclude that notwithstanding a change in the guidelines range, the 35, 53 analysis still did not warrant any reduction to his sentence. And it was appropriate for the court to ultimately agree with that reasoning. It is true. So I want to make sure I understand the argument. The court gives us a text order without reasons, but says it adopts the government's view. So one theory is we treat the court as adopting its prior, not that long ago, analysis. But as my colleague points out, that analysis was framed around whether the 35, 53a factors would warrant time served, immediate release. And an answer noted, that doesn't really tell us anything about the court's reasoning as to shortening a sentence to something that's appropriate relative to the now applicable range. And so instead, what we should do is look at the 35, 53 arguments in your brief and assume that that is what the court was motivated by in issuing this ruling, that the court adopted those as a whole. Yes, Your Honor. I mean, I think in terms of evaluating how sufficient the explanation here is, I think this court still can take into account the fact that this judge was very familiar with this defendant, that he had engaged at least in some 35, 53 analysis, maybe geared towards an issue, but one in which he nonetheless highlighted several factors that were equally applicable in this case, including, for example, the severity of the offense. But yes, I think when you take all that combined, one, the history of this case, the arguments the government made, and the fact that the district court appeared to have adopted the government's arguments, I think from a procedural perspective, the district court's explanation here is sufficient. All right. Thank you, Mr. Sutcliffe. Thank you. We'll now hear from Mr. Donovan for two minutes of rebuttal. Thank you, Your Honor. I think there are two points, and I'm happy to have the opportunity to rebut, because I recall that Mr. Johnson instructed me that I should tell the court with respect to the amount of time he had served, that if you took into account his good time credits and his other credits, at the time the district court acted, he had essentially served 10 years, although not chronologically. I make that argument simply because he told me to make it. I'm not sure that, in fact, I don't think in the record there's enough in order to establish that. I'm sure it's true, but it's just not in the record. And the second thing I'd point out is you can see from the questions that the court is asking, it would be a lot easier for you to decide this case if the district court had prepared a little bit more detailed decision concerning the reasons for its denial of this motion. So for all those reasons and all the reasons I've set forth in the brief, I hope you will reverse the decision and send it back. Thank you, Mr. Donovan. Thank you, Mr. Sutcliffe. We'll reserve decision.